IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-137-D

| | |
|---|---|
| HEAT WAVE RECORDING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BLUEWATER RECORDINGS, INC., | ) |
| BOBBY TOMLINSON, CHARLES | ) |
| WALLERT, AUDIO AND VIDEO LABS, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

This matter is before the clerk on the plaintiff's motion for entry of default as to defendant Charles Wallert [DE-14]. For the reasons set forth below, the motion is DENIED.

Plaintiff initiated this action by filing a complaint alleging claims against defendant Wallert and others. As to defendant Wallert specifically, plaintiff asserted a claim for copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 and also alleged that the corporate veil of defendant Bluewater Recordings, Inc., should be pierced to hold defendant Wallert and another individual defendant responsible for claims asserted against Bluewater. See Compl. [DE-1] ¶¶ 51-63; 112-128.

Plaintiff filed an affidavit of service as to defendant Wallert on April 23, 2022 [DE-9]. On May 9, 2022, plaintiff filed the instant motion for entry of default, as well as an amended complaint [DE-15]. The amended complaint adds a claim for wrongful interference with a contractual right against defendant Wallert. See Amend. Compl. [DE-15] ¶¶ 102-106.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff

correctly states that defendant Wallert has failed to file an answer or otherwise appear in this action in this court. Plaintiff has only shown, however, that defendant Wallert was served under Rule 4 of the Federal Rules of Civil Procedure with the summons and original complaint. Because the amended complaint asserts a new claim against defendant Wallert, plaintiff also must serve Wallert under Rule 4 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.").

Presently, there is no adequate proof of service as to the amended complaint as to defendant Wallert, nor is there any indication that his time to respond to the amended complaint has passed. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A). Accordingly, because there is no proper proof of service as to the amended complaint, the motion for entry of default [DE-14] is DENIED.

SO ORDERED. This the *3* day of June, 2022.

Peter A. Moore, Jr.
Clerk of Court

2